UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:17-cv-61377-GAYLES/REID

**DEVEN COOPER,**

    Petitioner**,**

v.

**RICKY D. DIXON,**
**SEC'Y, DEP'T OF CORR.**

    Respondent**.**

_____/

## ORDER ADOPTING REPORT OF MAGISTRATE JUDGE AND OVERRULING OBJECTIONS

**THIS CAUSE** is before the Court on Magistrate Judge Lisette Reid's Report and Recommendation [ECF No. 16] ("Report"), which recommends that Petitioner's habeas petition pursuant to 28 U.S.C. § 2254 ("Petition") be denied, and final judgment be entered in favor of Respondent. Petitioner has filed Objections to the Report [ECF No. 21] ("Objections"). After *de novo* review of the record and for the reasons discussed below, the Report is affirmed and adopted, and Petitioner's Objections are overruled.

**I.    STANDARD OF REVIEW**

To "challenge the findings and recommendations of the magistrate, a party must . . . [file] written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989). "Upon receipt of objections meeting the specificity requirement set out above . . . [the district court] . . . make[s] a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may

accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate." *Id.* "The district judge reviews legal conclusions *de novo*, even in the absence of an objection." *Lacy v. Apfel*, No. 2:97-CV-153-FTM-29D, 2000 WL 33277680, at *1 (M.D. Fla. Oct. 19, 2000) (citing *Cooper-Houston v. Southern Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994)).

## II.  DISCUSSION

The Court will, in turn, address only those claims to which Petitioner has objected.

### A. Claim 1(b)

In this claim, Petitioner alleged that counsel was ineffective for failing to call three investigating detectives to testify "for impeachment purposes," to highlight inconsistencies in the victim's testimony. Petitioner claimed that "in the Police report, the detectives made a statement that neither the alleged victim nor the victim's two friends' accounts of the incidents match[] each other[], and [ ] their stories are riddled with contradictions." [ECF No. 1 at 18]. Petitioner alleged that counsel should have called these detectives to testify at trial about the alleged inconsistencies and contradictions in the victim and her friends' statements. *Id*.

Judge Reid rejected this claim because "Petitioner fail[ed] to describe these inconsistencies." [ECF No. 16 at 18]. As Judge Reid observed, "[the victim] gave a statement to the police," which was "consistent with [her] trial testimony." *Id*. Judge Reid found that "[e]ven assuming the officers believed the stories were inconsistent, defense counsel was prohibited from eliciting this fact from the officers at trial. The Florida Supreme Court has held that it is 'harmful for a police witness to give his opinion of a witnesses' [sic] credibility because of the great weight afforded an officer's testimony.'" *Id*. at 18–19 (quoting *Seibert v. State*, 923 So.2d 460, 472 (Fla. 2006)).

In his Objections, Petitioner concedes that he "fail[ed] to describe the prior inconsistencies" in the victim's statement to police but argues he "should be afforded an opportunity to cure" this

pleading defect in an amended petition, "or alternatively," by "permitting Petitioner to expand the record." [ECF No. 21 at 12]. Petitioner has not shown, however, that expanding the record or granting him leave to amend his petition is warranted, because he has not provided a factual basis for this claim. Under Rule 2(c) of the Rules Governing Section 2254 Cases, habeas petitioners must "specify all the grounds for relief available" and "state the facts supporting each ground." *Hittson v. GDCP Warden*, 759 F.3d 1210, 1265 (11th Cir. 2014). "[G]eneralized allegations from [a petitioner's] motion to further amend do not satisfy Rule 2(c)'s requirements" where the petitioner "has not alleged any facts to support his allegations." *Id*. Although Fed. R. Civ. P. 15(a) requires courts to freely give leave to amend when justice so requires, leave to amend may properly be denied on grounds such as undue delay or futility. *See, e.g., Haynes v. McCalla Raymer, LLC*, 793 F.3d 1246 (11th Cir. 2015) ("a motion to amend may be denied on numerous grounds such as undue delay, undue prejudice to the defendants, and futility of the amendment") (citation omitted). Petitioner has had ample opportunity to provide facts to support this claim and has failed to do so.

Petitioner further takes issue with Judge Reid's conclusion that the detectives' testimony would have been inadmissible at trial. He asserts that the detectives would have been called not to give their opinions of the witnesses' credibility, but to introduce the sworn statements of the victim and her two friends "to show that the victim had given prior inconsistent statements." [ECF No. 21 at 11]. Petitioner contends that it would have been "perfectly legitimate" for counsel to "call the law enforcement officers, who had taken the sworn statements of the victim [and her two friends], to show that the trial testimony was completely inconsistent with the prior statements." *Id*.

But, as noted above, Petitioner never identified these "prior inconsistent statements" that he claims would have been introduced through the detectives' testimony. He merely alleged that the detectives "made a statement" in their police report that the victim and her two friends' "stories

3

are riddled with contradictions." [ECF No. 1 at 18]. Absent evidence of specific inconsistent statements by the victim or her two friends, counsel would have been calling the detectives to give their opinions on the credibility of these witnesses, something Judge Reid properly concluded counsel could not do under Florida law. Therefore, Petitioner has not shown that his counsel was deficient for that reason. To show prejudice under *Strickland* from an attorney's failure to impeach a witness with a prior inconsistent statement, a petitioner must show "a single specific instance where cross-examination arguably could have affected the outcome." *Fugate v. Head*, 261 F.3d 1206, 1219 (11th Cir. 2001) (quoting *Messer v. Kemp,* 760 F.2d 1080, 1090 (11th Cir.1985)). "To be inconsistent, a prior statement must either directly contradict or be materially different from the expected testimony at trial." *Pearce v. State*, 880 So. 2d 561, 569 (Fla. 2004). Because Petitioner does not identify the prior inconsistent statements that would have impeached the victim's testimony, he cannot show that calling the detectives would have affected the outcome at trial.

### B. Claim 1(c)

In this claim, Petitioner alleged that counsel was ineffective for failing to call the victim's mother, Tammy German, who first reported Petitioner to the police. [ECF No. 1 at 18-19]. Petitioner claimed that counsel should have questioned her regarding "her motives for calling the cops, what was told to her, what she knew about her daughter, or what her daughter told her pertaining to the Petitioner molesting her." *Id*.

Judge Reid rejected this claim because "Petitioner fail[ed] to allege that German would have been willing and able to testify," and "[t]he content of the proposed testimony provided by Petitioner constitutes inadmissible hearsay evidence." [ECF No. 16 at 19]. Moreover, Judge Reid pointed out that, "the State did not call German to testify," and therefore, any evidence of German's motives would have been inadmissible impeachment evidence. *Id*.

4

In his Objections, Petitioner argues that "[t]he credibility of a witness may be attacked by any party, including the party calling the witness," and defense counsel could have put German on the stand for the purpose of questioning her motives for calling the police. [ECF No. 21 at 9]. Petitioner does not challenge Judge Reid's finding, however, that he "fail[ed] to allege that German would have been willing to testify," and that much of her proposed testimony would have been inadmissible hearsay. [ECF No. 16 at 19]; *Reed v. Sec'y, Fla. Dep't of Corr.*, 767 F.3d 1252, 1262 (11th Cir. 2014) (holding federal habeas petitioner who failed to show an uncalled witness was available to testify at the time of trial failed to satisfy prejudice prong of *Strickland*.). Thus, Petitioner's objections to sub-claim 1(c) are overruled.

### C. Claim 2

In this claim, Petitioner asserted that counsel was ineffective for failing to object to the state's invocation of Florida's Rape Shield Law, Fla. Stat. § 794.022(3). [ECF No. 1 at 20–25]. Florida's Fourth District Court of Appeal found that the state trial court erred when it granted the state's motion *in limine* to limit cross-examination of the victim pursuant to the Rape Shield Law because that law does not apply to prosecutions for lewd or lascivious battery. *Cooper v. State*, 137 So. 3d 530, 531 (Fla. 4th DCA 2014). Petitioner alleged that counsel was ineffective for failing to know the law and raise a meritorious issue. *Id*. at 21–22. Petitioner alleged that he was prejudiced by this deficient performance because it prevented counsel from cross-examining the victim about her inconsistent statements concerning her sexual history. *Id*.

Judge Reid found that although counsel's failure to object to the invocation of the Rape Shield Law may have been deficient performance, Petitioner was not prejudiced because any evidence about the victim's sexual history would have been inadmissible on cross-examination, as it would have constituted extrinsic evidence about a collateral matter. [ECF No. 16 at 22] (citing *Correia v. State*, 654 So. 2d 952, 954 (Fla. 4th DCA 1995) (holding that extrinsic evidence about

5

a collateral matter is inadmissible)). Moreover, Judge Reid found that "[d]efense counsel made a strategic decision to impeach [the victim] in other ways." *Id*. Judge Reid further observed that although "[t]he Fourth DCA concluded that the court erred in excluding the testimony under the pre-2016 version of the rape shield statute," "the court held that the error was not fundamental and, thus, did not warrant reversal." *Id*. (citing *Cooper v. State*, 137 So. 3d 530, 531 (Fla. 4th DCA 2014)).

In his Objections, Petitioner first contends that Judge Reid misconstrued the Fourth DCA's holding concerning this claim. He argues that "the state appellate court never reached the merits of the claim, but instead instructed the petitioner to return to the state circuit court to file the claim in a proper Rule 3.850, Fla. R. Crim. P. [motion] raising a claim of ineffective assistance of counsel." [ECF No. 21 at 9]. Petitioner is incorrect. The state appellate court did reach the merits, holding that the exclusion of the victim's testimony concerning her sexual history "d[id] not rise to the level of fundamental error," but that Petitioner could still raise this issue in a postconviction ineffective assistance claim. *Cooper*, 136 So. 3d at 531.

In any event, Judge Reid correctly concluded that Petitioner was not prejudiced by a cross-examination that excluded questions about the victim's inconsistent statements regarding her sexual history. In his Objections, Petitioner argues that he was prejudiced because if counsel had pursued this line of questioning, the jury "would have received a complete and significantly different impression of the victim's credibility." [ECF No. 21 at 6–7].

Petitioner does not challenge Judge Reid conclusion, however, that counsel substantially impeached the victim concerning other matters. "[W]here an attorney 'substantially impeach[ed]' the witness, no claim for ineffectiveness can succeed unless the petitioner comes forward with 'specific information' that 'would have added to the impeachment of the State's witnesses.'" *Johnson v. Nagle*, 58 F. Supp. 2d 1303, 1355 (N.D. Ala. 1999) (quoting *Aldrich v. Wainwright*,

6

777 F.2d 630, 636–37 (11th Cir. 1985)). Here, it was a reasonable strategic decision for counsel to decline to impeach the minor victim regarding her sexual history. As Judge Reid pointed out, if counsel had cross-examined her about this collateral matter, counsel would have had to accept her answers and would not have been permitted to impeach her with evidence of her prior inconsistent statements. "A strategic decision by counsel, such as how or whether to cross-examine a witness, constitutes ineffective assistance 'only if it was so patently unreasonable that no competent attorney would have chosen it.'" *Haag v. Sec'y, Dep't of Corr.*, No. 8:14-CV-1794-T-35AEP, 2017 WL 6550884, at *20 (M.D. Fla. Sept. 25, 2017) (quoting *Kelly v. United States*, 820 F.2d 1173, 1176 (11th Cir. 1987)). Counsel's decision not to question the minor victim about her sexual history was not "patently unreasonable." Thus, Petitioner's objections as to Claim 2 are overruled.

### D. Claim 3

In Claim 3, Petitioner asserted that counsel was ineffective for failing to object to testimony that the victim attempted suicide in response to Petitioner's actions. [ECF No. 1 at 26]. Petitioner relied on *Johnson v. State*, 40 So. 3d 883, 887 (Fla. 4th DCA 2010), which held that in a prosecution for lewd or lascivious battery, any probative value of evidence of the victim's suicide attempts was substantially outweighed by the danger of unfair prejudice, and the error in admitting the evidence was not harmless. *Id.* at 27.

Judge Reid rejected this claim, finding that "more recent cases out of the Fourth DCA have held, however, that 'the behavioral changes of a victim following the alleged sexual abuse is probative of whether the sexual abuse occurred.'" [ECF No. 16 at 23] (quoting *Scott v. State*, 218 So. 3d 476, 478 (Fla. 3d DCA 2017)); *see also Petruschke v. State*, 125 So. 3d 274, 281 (Fla. 4th DCA 2013) (testimony of victim's parents that victim "wet his bed more often, woke up crying with terror, and began counseling" after the alleged abuse was relevant and admissible to prove that the abuse actually occurred."). Further, Judge Reid found that rather than objecting to the

7

admission of this evidence, "defense counsel made a strategic decision to cross-examine [the victim] about her attempt to commit suicide in an effort to portray her as troubled and, thus, not a credible witness." [ECF No. 16 at 24]. Therefore, Judge Reid concluded that the Fourth DCA's rejection of this claim "was not an unreasonable application of *Strickland* based on the record as it existed on direct appeal." *Id*. at 24–25.

In his Objections, Petitioner correctly points out that Judge Reid erroneously relied on a Third District Court of Appeal opinion, *Scott*, 218 So. 3d 476, to find that "several more recent cases out of the Fourth DCA" had abrogated *Johnson*, 40 So. 3d 883. The Fourth DCA (which has jurisdiction over Petitioner's case) has not abrogated *Johnson's* holding that in a prosecution for lewd or lascivious battery, "the trial court erred in admitting testimony about the suicide attempts." *Johnson*, 40 So. 3d at 887. In *Petruschke*, the Fourth DCA distinguished *Johnson*, finding that evidence of the victim's bed wetting and crying at night was "far less prejudicial than the evidence in *Johnson*" and "*Johnson* involved a situation where there were two equally plausible reasons for the alleged victim's suicide attempts." 125 So. 3d at 282. "By contrast, it cannot be said that the evidence 'cut both ways' in this case." *Id*. Petitioner is therefore correct that *Johnson* is still good law. He argues that counsel was ineffective, and he suffered prejudice as a result, because under *Johnson*, if counsel had objected to the admission of the victim's suicide attempts, the trial court would have been required to exclude the evidence and the result of the proceeding would have been different.

However, Petitioner fails to address the primary reason Judge Reid rejected this claim. On Petitioner's direct appeal, the Fourth DCA (the same court that decided *Johnson*) "conclude[d] that no ineffective assistance [wa]s apparent on the face of the appellate record." *Cooper*, 137 So. 3d at 532. Petitioner did not raise this claim in his postconviction Rule 3.850 motion; therefore, Judge Reid was limited to the appellate record that was before the Fourth DCA. *See Cullen v.*

8

*Pinholster*, 563 U.S. 170, 180 (2011). Based on that record, Judge Reid found that "counsel made a strategic decision to cross-examine [the victim] about her attempt to commit suicide in an effort to portray her as troubled and, thus, not a credible witness." [ECF No. 16 at 25]. Even so, it is not clear that Petitioner's counsel would have prevailed on an objection to the admissibility of the evidence [1], and Petitioner has not shown that counsel's strategic decision not to object was "patently unreasonable." *Kelly*, 820 F.2d at 1176.

A habeas court's review of a claim under *Strickland* is "doubly deferential." *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) (citing *Yarborough v. Gentry*, 540 U.S. 1, 5–6 (2003) (per curiam)). The question "is not whether a federal court believes the state court's determination under the *Strickland* standard was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Id.* (citations omitted). To obtain habeas relief, a petitioner must show the state court "applied *Strickland* to the facts of his case in an objectively unreasonable manner" when it rejected his claims of ineffective assistance of counsel. *Bell v. Cone*, 535 U.S. 685, 699 (2002).

Under the "doubly deferential" standard applicable here, the Fourth DCA did not apply *Strickland* in an objectively unreasonable manner when it concluded that no ineffective assistance was apparent on the face of the record. As Judge Reid found, counsel's decision not to object to the admission of the victim's suicide attempt appeared to be a strategic one: counsel used this evidence on cross-examination and again during closing argument to undermine the victim's credibility. The Fourth DCA observed in *Johnson* that evidence of the victim's suicide attempts

---

[1] It is by no means apparent that an objection to this evidence would have been meritorious. This case is distinguishable from *Johnson*. There, the evidence of the victim's suicide attempts became central to the state's case. "[T]he state elicited evidence concerning the suicide attempts and Baker Act commitment from three witnesses and a recorded phone conversation. It further commented on this evidence during closing argument." *Johnson*, 40 So. 3d at 887. Here, the evidence of the victim's suicide attempts was far less crucial to the state's case and, in fact, was used by defense counsel during closing argument to argue that "[t]his is a young lady who has a troubled life." Trial Tr. [ECF No. 10-1 at 262:10].

9

"cuts both ways" because it "tended to show that the victim was distraught *either* because she was lying or because she was telling the truth." *Johnson*, 40. So. 3d at 887 (emphasis in original). Based on that reasoning, counsel may have concluded that this evidence was useful to Petitioner's defense that the victim was lying. While counsel's decision "may not have been a wise strategy," the question is whether it was "so unreasonable that no competent attorney would have chosen it." *Kelly*, 820 F.2d at 1176. Under this standard, Petitioner cannot prevail on his third claim.

E.  **Claim 4**

In this claim, Petitioner alleged that the trial court violated his Confrontation Clause rights by prohibiting him from cross-examining the victim about her prior inconsistent statements concerning her sexual history. [ECF No. 1 at 29-34]. Petitioner alleged that the victim denied any prior sexual experience when speaking to police but testified in her deposition that she had been sexually active with three boyfriends. *Id.* at 29. As in Claim 2, Petitioner argued that the state trial court misapplied Florida's Rape Shield Law to improperly limit cross-examination. *Id.* at 33. The Fourth DCA rejected this argument on appeal because Petitioner's trial counsel failed to preserve the issue and because "[t]he exclusion of this testimony also does not rise to the level of fundamental error." *Cooper*, 137 So. 3d at 531.

Judge Reid rejected this claim for the same reasons as in Claim 2, and because Petitioner relied on an inapplicable Supreme Court case, *Crawford v. Washington*, 541 U.S. 36 (2004), which dealt with unavailable witnesses. [ECF No. 16 at 25]. In his Objections, Petitioner insists that Judge Reid ignored his reliance on another Supreme Court case, *California v. Green*, 399 U.S. 149 (1970). But *Green* is similarly inapplicable here. It merely stands for the broad proposition that "the Confrontation Clause is not violated by admitting a declarant's out-of-court statements, as long as the declarant is testifying as a witness and subject to full and effective cross-examination." *Id.* at 158. As such, *Green* has no bearing on the specific issue of whether the exclusion of the

10

victim's prior statements about her sexual history prejudiced Petitioner. The Fourth DCA found that it did not. For the reasons explained above for Claim 2, Petitioner has not shown that the Fourth DCA's holding was an unreasonable application of federal law. As such, this claim fails.

### III.     CERTIFICATE OF APPEALABILITY

The Rules Governing Section 2254 Proceedings, Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. *See* Rules Governing Section 2254 Proceedings, Rule 11(b).

Based on this record, Petitioner is not entitled to a certificate of appealability. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To merit a certificate of appealability, Petitioner must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *see also Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir. 2001). Because the claims raised are clearly without merit, Petitioner cannot satisfy the *Slack* test. His objection to Magistrate Judge Reid's recommendation that no certificate issue is overruled.

Accordingly, it is **ORDERED AND ADJUDGED** that:

1. The Report [ECF No. 16] is **AFFIRMED AND ADOPTED**.
    a) the Petition for Writ of Habeas Corpus [ECF No. 1] is **DENIED**;
    b) no certificate of appealability shall issue; and
    c) **FINAL JUDGMENT** is entered in favor of Respondent.
2. All pending motions not otherwise ruled on are **DENIED AS MOOT**.

3. This case is **CLOSED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 10th day of December, 2021.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

cc:   All Counsel of Record; and

**Deven Cooper**, *pro se*
L43743
South Bay Correctional Institution
Inmate Mail/Parcels
P.O. Box 7171
South Bay, FL 33493-2233